IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOWARD J. BUTLER                    *
                                    *
        v.                          *       Civil No. JFM-09-1730
                                    *
UNIVERSITY OF MARYLAND,             *
COLLEGE PARK, ET AL.                *
                                  *****

MEMORANDUM


Plaintiff, whose probationary employment as a hearing, ventilation, air conditioning and refrigeration mechanic at the University of Maryland, has instituted this *pro se* action against defendants for employment discrimination and defamation.  Defendants have filed a motion for summary judgment.  After being advised of the consequences of a failure to do so, plaintiff has not responded to the motion.  The motion will be granted.

The reasons for my ruling may be succinctly stated.

1.      The individual defendants are not subject to suit under Title VII.  *See Lissau v. Southern Food Serv., Inc.,* 159 F.3d 177, 180 (4th Cir. 1998).

2.      Plaintiff has presented absolutely no evidence to make out a prima facie case of race discrimination.  He cites only one incident in which he alleges that he and another African-American employee were asked to diagnose a piece of equipment that the chief mechanic said was "no good."  He and the co-employee did diagnose the piece of equipment but determined the equipment to be fine and "reinstalled it and got the equipment back into operation."  Nothing about this incident suggests racial

1

discrimination.

3.     Plaintiff's age discrimination claim is barred by the fact that he never filed a claim with the EEOC concerning age discrimination.  Moreover, plaintiff cannot prove that he was meeting the legitimate expectations of his employer or that he was replaced by a person outside the age group protected by the ADEA.  Both of these are requirements to establishing a prima facie claim of age discrimination.  *See Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 513 (4th Cir. 2006).

4.     In regard to the requirement to all of his employment discrimination claims that he was meeting the legitimate expectations of his employer, the record establishes, in fact, that plaintiff was not meeting the legitimate expectations of his employer in that he never rebutted the criticisms of his job performance by his supervisor that he was unable to understand and perform the basic functions of his job, was unable to pay attention to details and to follow instructions, was late to work, and failed to properly secure State property resulting in the loss of a ladder and other equipment.  One specific incident cited by defendants, that is unrebutted by plaintiff, is that he made a hole in the refrigerant line of an air conditioning compressor, causing the refrigerant line to leak and creating safety concerns.

5.     Plaintiff's has not made out a prima facie case of religious discrimination in that he now admits that his supervisors did not tell him that he could not pray when he was on lunch break but only that he could not eat lunch in the chiller room or his vehicle, where he wanted to be in order to read his Bible.

2

6.      Plaintiff's hostile work environment claim is based entirely upon the fact that the
"f" word, the "s" word, "damn," and "hell" were spoken in the work place.  Only one
of those words, on one occasion, was ever directed personally to him, when the chief
mechanic told him to "shut the 'F' up and get in the truck."  None of this evidence
indicates that anything was said to plaintiff to disparage his religious beliefs and alone
they cannot be said to have created a hostile work environment.

7.      Plaintiff's claim for defamation fails because he has not produced any evidence to
show that anything said about him was false, or that any statement was made to a
third party.  These are requirements of a defamation case.  *See Samuels v.
Tschechtelin*, 135 Md. App. 483, 763 A.2d 209, 241-42 (2000).  Moreover, plaintiff's
defamation claim is untimely in that it was not filed within Maryland's one year
statute of limitations period for defamation claims.  *See* Maryland Code Ann., Cts. &
Jud. Proc., §5-105.

A separate order dismissing this action is being entered herewith.


DATE:  <u>1/13/2010</u>                    ____/s/_____
                                         J. Frederick Motz
                                         United States District Judge